IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3099-F

| BRUCE STANBACK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| CHAPLAIN HARDISON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

On April 18, 2014, Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir.

2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Here, Plaintiff alleges that was not permitted to attend his father's funeral and private viewing. Compl. [DE-1], pp. 3-4. However, prisoners do not retain a constitutional right to attend a family member's funeral. See, e.g., Woods v. Cnty. of Wilson, No. 5:10-CT-3118-BO, 2012 WL 777152, at *6 (E.D.N.C. Mar. 8, 2012) ("To the extent that [Plaintiff] asserts a claim based on his on ability to attend a funeral, he fails to state a claim for which relief may be granted because he cannot establish the existence of a constitutional right."); Toman v. Mecklenburg Cnty. Sheriff's Dep't, No. 3:08CV360-03-MU, 2008 WL 3539273, at *1 (W.D.N.C. Aug. 11, 2008); Pegues v. Rogers, 2007 WL 951896 (N.D. Ind. March 27, 2007) (no constitutional violation when plaintiff was not able to attend mother's funeral); Rodriguez v. Woodruff, 2006 WL 2620472 (S.D. Tex. Sept. 12, 2006) ("A prisoner does not retain a liberty interest in attending a family members funeral and the denial does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life."); Adams v. Garland Cnty. Detention Center, 2006 WL 1361121 (W.D. Ark. May 17, 2006) (no constitutional violation when Plaintiff was denied opportunity to attend mother's funeral); Hilliard v. Andrews, 2005 WL 1629954 (W.D. La July 8, 2005) ("Simply put, plaintiff does not have a protected right to or a liberty interest in attending his brother" funeral"); Bradley v. Beck, 2001 WL 34610459 (W.D.N.C. October 19, 2001) (fact that some prisoners are allowed to attend family members' funerals is result of grace, not constitutional right); Cruz v. Sielaff, 767 F. Supp 547, 550 (S.D.N.Y.1991) (no federal right recognized under § 1983 to attend uncle's funeral).

For these reasons, the matter is DISMISSED as frivolous, and the Clerk of Court is

2

DIRECTED to close the case.

SO ORDERED. This the 7 day of November, 2014.

                         *James C. Fox*
                         JAMES C. FOX
                         Senior United States District Judge